# KENTUCKY COURT OF APPEALS.

OCTOBER 8, 1866.

---

## S. C. Hughes et al. *v.* Gray.

Action on Administrator's Bond — Surety — Joint Obligors — Necessary Parties — Judgment.

Section 39 of the Civil Code relates to the joining or omitting of joint obligors in an action on an administrator's bond and does not relate to the judgment to be rendered against those before the court.

Same.

Section 39, supra, makes a new rule with respect to the form of action on joint liabilities, but it does not affect the rights and equities of the defendants to the same action.

Same.

Under this new rule a judgment may be rendered against the party or parties sued, though other parties jointly bound are omitted from the action.

Same.

A return of *nulla bona* before proceeding may be dispensed with in a suit in equity against an administrator and his sureties who are jointly bound with him.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 13, 1866.

Opinion of the Court by Judge Marshall:

This case is founded on a petition in equity filed by Mary E. Gray to recover against R. B. and W. C. Young, administrators with the will annexed of Ambrose Young, the plaintiff's grandfather, the money due to her under said will. The action was commenced against the administrators on the —— day of ——, 1861, but on the —— day of June, 1862, Hughes and the sureties and representatives, deceased sureties of R. B. Young in his administration bond, were made defendants with a prayer that they be made the *payee*. By the filing of the amended petition and the issuing of process thereon, the action is regarded as being commenced against these new defendants, on the —— day of

[1]

June, 1862, and they not only deny knowledge and require proof with respect to plaintiff's claim, but plead affirmatively "that the plaintiff was twenty-one years of age more than five years before they were made parties in this suit, and rely upon the Statutes of Limitation as a bar to all her claims against them as sureties as aforesaid."

The sum due to the plaintiff from each of the administrators having been ascertained by a settlement of their accounts, it was, on final hearing, adjudged that the plaintiff recover from W. C. Young, administrator, etc., out of assets in his hands unadministered, the sum of $243.34 with interest from the 1st day of March, 1865, and further that she recover from R. B. Young, administrator, etc., the sum of $656.27 with interest from the 1st day of March, 1865. And it was further adjudged that the plaintiff recover from Hughes, a surety in the administration bond of R. B. Young, and from the personal representatives of two deceased sureties in the same bond out of assets in the hands of the said representatives, respectively, the said sum of $656.27, with interest as above. And that she recover her costs from the two administrators, and may have execution for the said sums against the parties adjudged to be liable for the same.

There is no objection made as to the sums adjudged to be due from the administrators respectively, and neither of them appeals. But Hughes and the representatives of the two deceased sureties appeal from the judgment against them, and complain that it is not only unjust and erroneous in form, by making the property of the sureties liable in the first instance, without making that of their principal liable at all, but that it violates the law or disregards the evidence in relation to the age of the plaintiff, in making them in any manner liable to her claim, from which they say they are discharged by the Revised Statutes, chapter 97, section 13, because there was no suit against them until more than five years after the plaintiff attained full age.

1. The form of the judgment is attempted to be sustained by reference to section 39 of the Civil Code and to several adjudged cases in this court. But the section referred to relates merely to the joining or omitting of joint obligors or their representatives in an action on the bond, and does not relate to the judgment to be rendered when all the parties to the bond are in fact before the court. It makes a new rule with respect to the form of actions

on joint liabilities, but it does not affect the reciprocal rights and equities between defendants in the same action, nor prevent the court having all the parties before it from recognizing, and as far as may be done without injury to any, giving effect to them according to the principles of law and equity.

There is no doubt that a judgment may be rendered against the party or parties sued under this new rule, though other parties jointly bound with them in the instrument are omitted from the action who, as between all of the parties, are primarily liable, and might and before the adoption of this new rule would have been made primarily liable if the suit were in equity; and would have been equally bound by the judgment if the action were at law. It is evident that in such cases something will remain to be done by action or otherwise, in order to do complete justice, or to prevent injustice between the parties jointly bound. But the fact that under the privilege given by the thirty-ninth section cases may happen in which the court, bound to render judgment against such parties as the plaintiff chooses to sue, cannot do complete justice or must cause injustice, because other parties are not before it in the suit, does not tend to prove that the injustice which in such cases arises incidentally from the operation of the section should be made a rule of right in all cases, or to any extent beyond its direct purpose of authorizing the joining or omission of parties to an action in certain cases, with the necessary effect of authorizing or requiring judgments to be rendered according to the authorized form of the action with respect to parties.

If this action had been brought against the sureties alone, or if, having been against the administrator and his sureties, it had been dismissed as to the administrator for a cause applicable to him alone, the thirty-ninth section of the Code might, perhaps, under the construction given to it in the case of Rogers v. Mitchell, 1 Metc. 22 (cited by appellee's counsel), have sustained a judgment against the sureties alone. The court decided nothing more in that case than that the petition had been improperly dismissed as to all of the defendants for a cause which was good as to the executor alone, and, therefore, reversed the judgment and remanded the cause for further proceedings against the sureties alone, who might, as the court says here, have been sued alone by virtue of the thirty-ninth section of the Code. It is not said in that case what evidence would suffice to authorize judgment against the sureties.

The court in the case of McCall as Administrator v. Patterson, 18 B. Mon., decided that a return of *nulla bona* on an execution against the administrator as such was not essential to the liability for a *devastavit*. But in that case the suit was against the administrator and his sureties jointly, and there had been a former decree and execution thereon returned no property against Patterson as administrator and heir, which was regarded as against him personally. In the case of Lee v. Waller, etc., 3 Metc. 62, the court, though stating it to be ordinarily necessary that the creditor should have a judgment against the personal representative before he can proceed for a *devastavit* either against him or his surety, yet decided that as the plaintiff was the creditor of the administrator's intestate, and, therefore, could not obtain a judgment against the administrator, the previous judgment might be *dispensed* with.

In describing the remedy by which the difficulty under which the plaintiff labored might be obviated, the court says:

> " The chancellor can do full and complete justice by having the executor and his sureties and all other necessary parties before the court,"

and in indicating the decree to be rendered in case the creditor should establish his demand, get a judgment against the administrator to be levied of assets, which cannot be collected by execution, and *a devastavit* be proved,

> " it would be proper to render a joint decree against the executor and his sureties *de bonis propriis,* to be levied first of the estate of the executor, if any, if none, then to be levied of the estate of his sureties."

As a return of *nulla bona* before proceeding may be dispensed with, and as the demand against the decedent can be ascertained and adjudged against the executor or administrator in a joint suit in equity against him and his sureties, as well and more conveniently than if a separate suit were required, there can be no substantial reason if the demand be of equitable cognizance, and particularly if it be as in this case exclusively equitable, why if the sureties be sued with the executor or administrator and there be a personal liability on the part of the defendants, the matter should not be at once settled by a judgment against all, to be levied first of assets unadministered, and if there be none, or not sufficient, then to be levied of the estate of the administrator or exec-

utor, and if that be deficient, then of the estate of the sureties. As it cannot be doubted that when the sureties are personally liable the personal representatives for whom they are bound must also be, the last case cited is in truth an authority in the present case for a judgment such as is now indicated.

In the present case the plaintiff properly, if not necessarily, asserted her claim in equity, and brought the administrator and his sureties or their representatives before the court, and the case of Farron v. Burkes, etc., 3 B. Mon. 211, to which we are referred by the counsel of the appellees, is a direct authority for rendering the judgment as above indicated, and gives appropriate reasons therefor. We are of opinion that the judgment as rendered is in form unjust toward the sureties and substantially prejudicial to them.

2. With respect to the age of the plaintiff when the sureties were made parties to this suit, we are of opinion that the evidence leaves it uncertain whether she had or had not attained the age of twenty-one years more than five years before the time referred to, as some of the defendants have pleaded.

As the judgment must be reversed on account of its improper form, and as there seems to be some misapprehension as to the condition of the case with respect to Hutcherson, who was defendant or representative of a surety deceased before the filing of the amended petition, but did not join in the plea of limitation, and as the question of the plaintiff's age may probably be rendered certain if the parties are allowed further time, we think that a reasonable time should be allowed for producing evidence on that subject and for Hutcherson to plead if he desires to do so, before a final judgment is rendered in the case.

Wherefore, the judgment is reversed, and the cause remanded with directions to allow further time for presenting additional evidence with respect to the plaintiff's age, if either party desires it, and to allow the defendant Hutcherson to file an answer, if he offer a sufficient one, and finally to render such judgment as is suggested in this opinion against R. B. Young and such of his sureties or other representatives as may be liable thereto, or if none be liable, to render a judgment against R. B. Young to be first levied of assets, if any, if none, or insufficient, to be levied of his own estate.